# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **HOWARD K. ROBERTS,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. 5:13-CV-1584-CLS |
| | ) |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Claimant, Howard K. Roberts, commenced this action on August 27, 2013, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the opinion of his treating physician. Upon review of the record, the court concludes that these contentions lack merit, and the Commissioner's ruling is due to be affirmed.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. (alterations supplied). Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(d).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be

supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(c). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Gregory Cheatham at Medical East of Decatur completed a Physical Capacities Evaluation form on March 30, 2012. He indicated that claimant could lift and/or carry twenty pounds occasionally and ten pounds frequently during a normal work day. Claimant could sit for a total of two hours, and stand/walk for a total of one hour, during an eight-hour work day. Claimant did not require an assistive device for walking. He could occasionally engage in gross and fine manipulation and be exposed to environmental problems like allergens or dust. He could rarely push and pull with his arms and legs, climb stairs or ladders, balance, bend or stoop. He could never operate motor vehicles or work around hazardous machinery. He would likely be absent from work more than four days a month as a result of his medical conditions. When asked to explain the basis for the restrictions he imposed, Dr. Cheatham stated that claimant had "multiple co-morbidities along with back pain that exacerbate one another."[1]

---

[1] Tr. 418.

Dr. Cheatham also completed a "Medical Statement Regarding Diabetes" form the same day. He indicated that claimant suffered from Type I diabetes, brittle diabetes, "Neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station," impaired arterial blood flow, and coronary artery disease. Dr. Cheatham did not indicate how many hours claimant could work each day, but he did indicate that claimant could stand for thirty minutes at one time and sit for thirty minutes at one time. He could lift twenty pounds on an occasional basis and ten pounds on a frequent basis. He could never balance. Dr. Cheatham noted that insulin would prevent claimant from work in his trade as a commercial driver. Claimant's degenerative disc disease and diabetic neuropathy would prevent him from "any reasonable work that would require commitment at all."[2]

Finally, Dr. Cheatham completed a Clinical Assessment of Pain form on March 30, 2012. He indicated that pain was present for claimant to such an extent as to be distracting to adequate performance of daily activities or work. Physical activity — such as walking, standing, sitting, bending, stooping, or moving of extremities — would increase claimant's pain to such an extent that bed rest and/or medication would be necessary. The side effects of claimant's prescribed medications would

---

[2] Tr. 417.

cause some limitations, but not enough to create serious problems in most instances.[3]

Although Dr. Cheatham's assessments would be consistent with disabling limitations, the ALJ assigned only little weight to Dr. Cheatham's opinions. He reasoned that

> [w]hile Dr. Cheatham has been reported as being the claimant's treating physician at Medical East of Decatur, the medical evidence reveals that the claimant was primarily seen by Ms. Dumas, a Certified Registered Nurse Practitioner on multiple occasions primarily for routine follow-up office visits. Dr. Cheatham's assessments are not consistent with the treatment records provided by Medical East of Decatur, nor are they consistent with the remaining medical evidence of record.[4]

The ALJ did not err in making that decision. While Dr. Cheatham appears to have been the physician supervising claimant's care at Medical East of Decatur, claimant appears to actually have been treated on a regular basis by Anna Dumas, a Certified Registered Nurse Practitioner.[5] The extent of the treatment relationship between plaintiff and Dr. Cheatham is one factor set forth in the regulations for the Commissioner's consideration in evaluating a physician's opinion. *See* 20 C.F.R. § 404.1527(c). Moreover, the ALJ was not required to credit the statements in Ms. Dumas' treatment records that claimant was unable to work.[6] *See* 20 C.F.R. § 416.927(d). Nor was the ALJ compelled to find claimant disabled based solely upon

---

[3] Tr. 416.

[4] Tr. 29 (alteration supplied).

[5] There is no explanation why Dr. Cheatham, rather than Ms. Dumas, completed the assessment forms for claimant.

[6] *See, e.g.,* Tr. 441-43.

the existence of certain medical conditions, without any evidence that those conditions actually caused disabling functional limitations. *See* 20 C.F.R. § 404.1505 (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)) (alteration supplied). Finally, the ALJ's conclusion that Dr. Cheatham's assessments were not consistent with his own office's treatment records, or with the remaining medical evidence of record, was supported by substantial evidence. There was no need, as claimant suggests, for the ALJ to recontact Dr. Cheatham for additional information. Claimant relies on Social Security Ruling 96-5p, which states, in pertinent part, that "[f]or treating sources, the rules also require that we make every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and *the bases for such opinions are not clear to us*." SSR 96-5p (alteration and emphasis supplied). There is no indication that the ALJ found Dr. Cheatham's assessments to be *unclear*; instead, he concluded that the assessments were not supported by the record. There

was therefore no need for the ALJ to recontact Dr. Cheatham for any further explanation. *See Shaw v. Astrue,* 392 F. App'x 684, 688-89 (11th Cir. 2010).

In accordance with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 14th day of April, 2014.

_____
United States District Judge